Case 2:98-cr-00347-JLQ-NA   Document 260   Filed 09/27/06   Page 1 of 4

FILED
ENTERED                    RECEIVED
                           SERVED O
           COUNSEL/PARTIES OF RECORD

SEP 26 2006

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:98-CR-0347-JLQ |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR EVIDENTIARY HEARING |
| vs. | |
| RICARDO MURILLO, | |
| Defendant. | |

The Defendant has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 claiming that he was denied effective assistance of counsel during his trial and life sentence for the murder for hire of Patricia Margello in Las Vegas, Nevada. The background of this case is set forth in *United States v. Murillo*, 288 F. 3d 1126 (2002). The undersigned presided during the trial and sentencing of the Defendant.

Following the denial of his appeal by the United States Court of Appeals for the Ninth Circuit, the Defendant filed his Petition For Writ of Habeas Corpus alleging that his federal defenders, Arthur Allen and Shari Kaufman, provided ineffective assistance of counsel by failing to file a Notice Of Alibi Defense pursuant to F. R. Crim. P. 12.1, failed to interview alleged alibi witnesses, and failed to call alibi witnesses. Following the filing of the Defendant's Petition, the court appointed Daniel J. Albreghts, a respected and experienced trial attorney in Las Vegas, Nevada, and a member of the bar of this court, to represent the Defendant in this supplemental proceeding. Attorney Diane Dragan of Mr. Albreghts' office has also assisted the Defendant in this matter.

ORDER - 1

1  The court authorized Mr. Albreghts to travel to the United States Penitentiary in
2 Leavenworth, Kansas to interview the Defendant. In addition, the court has previously
3 directed that the complete files of the trial defense attorneys Allen and Kaufman be
4 turned over to Mr. Albreghts for his inspection and use. The court also authorized Mr.
5 Albreghts and Ms. Dragan to take the depositions of attorneys Allen and Kaufman along
6 with the investigators in the Federal Defenders office who participated in the
7 investigation of this case. Those depositions and the documents discussed therein have
8 now been filed in this case and the record has been expanded to include the depositions
9 and documents.

10  Counsel for the Defendant has now, pursuant to the direction of the court, filed a
11 request for an evidentiary hearing including the transport of the Defendant from U.S.P.
12 Leavenworth back to Las Vegas for such a hearing. While the determination by the court
13 as to whether to hold an evidentiary hearing is a matter within the discretion of the court,
14 *United States v. Blaylock*, 20 F. 3d 1458, 1464 (9th Cir. 1994), an evidentiary hearing is
15 required if there is a genuine factual dispute and the petitioner's version, if true, would
16 warrant relief. *United States v. Chacon-Palomares*, 209 F. 3d 1157, 1159 (9th Cir. 2000).
17 However, an evidentiary hearing, as opposed to a "prompt hearing," is not required under
18 § 2255. It is also proper for the court to expand the § 2255 record with discovery and
19 documentary evidence. The guiding case in the 9th Circuit is *Watts v. United States,* 841
20 F. 2d 275, 277 (1988) where the court set forth the basic § 2255 evidentiary hearing
21 principles and distinguished between the requirement of a **prompt hearing** as opposed
22 to a discretionary **evidentiary hearing**:

23 ANALYSIS

24 Section 2255 requires that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall
25 ... grant a prompt hearing ... ,,determine the issues and make findings of fact and conclusions of law." 28 U.S.C. § 2255 (1982). When section 2255 motions are
26 based on alleged occurrences entirely outside the record, which if true would support relief, the court must conduct a hearing on those allegations, "unless
27 viewing the petition against the record, its allegations do not state a claim for

28 ORDER - 2

relief or are so patently frivolous or false as to warrant summary dismissal." *See Baumann v. United States*, 692 F. 2d 565, 571 (9th Cir. 1982).

In deciding such motions judges need not conduct full evidentiary hearings. *See* Rules Governing Habeas Corpus Cases. Section 2255 itself "recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." *Machibroda v. United States*, 368 U. S. 487, 495, 82 S. Ct. 510, 514, 7 L. Ed. 2d 473 (1962).

<u>Case law and the Rules Governing Habeas Corpus Cases recognize that courts may expand the record for considering section 2255 motions with discovery and documentary evidence.</u> (Emphasis supplied). *Blackledge v. Allison*, 431 U.S. 63, 81-83 (citing Rules Governing Habeas Corpus Cases); *Farrow v. United States*, 580 F. 2d 1339, 1352-53 (9th Cir. 1978). Judges may also supplement the record with their own notes and recollections of the plea hearing. *Abatino v. United States*, 750 F. 2d 1442, 1444 (9th Cir. 1985); *Farrow*, 580 F. 21d at 1352.

Decisions to hold hearings and conduct discovery in such cases are committed to the court's discretion. *Machibroda*, 368 U.S. at 495. Section 2255 requires only that the judge give the prisoner's claim "careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." *Blackledge*, 431 U.S. at 82-83 . . ..

For the reasons hereinafter stated, the court concludes that there are no remaining undisputed issues of fact that have not been covered at trial and in the thorough investigation by the Defendant's current counsel of the conduct of the trial defense by attorneys Allen and Kaufman, including their depositions that therefore there is no need or basis for an evidentiary hearing.

Pursuant to this court's Order of May 30, 2006, the Defendant, on July 7, 2006, filed his Defendants Statement of Disputed Issues of Material Fact (C.R. 256). In this Statement, the Defendant contends that he provided the defense attorneys and their investigators with the names of proposed alibi witnesses, Mary Perez, Rochelle DelCarmen, and Rod Saprone. The Defendant also states at page 2, line 12 that "he also provided Ed Heddy with the name Michelle Barry." Ed Heddy is an investigator in the office of the Federal Defender. Mary Perez and Rochelle DelCarmen were called by the defense as witnesses at trial. The Government does not deny these allegations of the Defendant and those claims are accepted as having been established and therefore an evidentiary hearing thereon is not needed or warranted. The actions of the trial defense

ORDER - 3

attorneys and investigators in response to the furnishing of these names of these putative alibi witnesses has been thoroughly covered in the depositions of trial attorneys Allen and Kaufman and their investigators and the Defendant does not contend that there are genuine issues of facts concerning the testimony of those witnesses. What the Defendant does contend is that based upon the allegations of the Defendant and the deposition testimony of the Federal Defender attorneys and investigators, the Federal Defenders rendered ineffective assistance of counsel to the Defendant. Those claims are matters for argument by counsel and the legal conclusions of the court on the ineffective assistance of counsel claims based upon the undisputed testimony furnished by the attorneys and investigators and the undisputed statement by the Defendant as to the alleged availability of alibi witnesses. An evidentiary hearing would add nothing that is not now part of the record.

By reason of the foregoing, it is the conclusion of the court that the matter should now proceed to hearing without an evidentiary hearing. Counsel for the Defendant shall file a Motion For Summary Judgment with supportive authorities on or before the 15th day of November, 2006. Counsel for the Government shall respond on or before the 15th day of December, 2006. The Defendant may reply on or before January 5, 2007. Oral argument will thereafter be scheduled by the court, which may be telephonic. If at oral argument the court concludes that genuine issues of material fact exist which require an evidentiary hearing, such a hearing will be promptly scheduled.

The Clerk of this court shall enter this Memorandum Opinion and Order and forward copies to counsel.

**DATED** this 26th day of September 2006.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4